UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
DINH DU LE,

        Petitioner,                <u>MEMORANDUM AND ORDER</u>

   -against-                  Civil Action No.
                                    CV-00-2622 (DGT)
UNITED STATES OF AMERICA

        Respondent.

---------------------------------X

Trager, J.

    Dinh Du Le ("Le") filed this <u>pro se</u> motion to reduce his sentence pursuant to 28 U.S.C. § 2241. Le asserts that his attorney's performance was ineffective because he failed to raise the issue of deportability as a mitigating circumstance at sentencing. Le's petition must be denied because his ineffective assistance of counsel claim cannot be raised under § 2241.

    On May 22, 1998, Le pled guilty to conspiring to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. As part of the plea agreement, Le waived his right to appeal or otherwise challenge his conviction or sentence in the event that the Court imposed a sentence within or below the range of imprisonment of 37 to 46 months.

    On September 24, 1998, Le was sentenced to 30 months imprisonment, followed by three years of supervised release; that sentence was not appealed. Le filed the instant motion under 28

U.S.C. § 2241 on May 9, 2000. On May 12, 2000, an order to show cause was issued. That order construed petitioner's request as a motion pursuant to 28 U.S.C. § 2255, directed the government to file a return to the motion within twenty (20) days of the date of the order and gave the petitioner twenty (20) days from the receipt by him of a copy of the return to file a reply. The government's response to Le's motion, which assumed Le's motion was treated as a § 2255 motion, argued that the motion should be dismissed on the following grounds: (1) Le waived his right to challenge his sentence by appeal or otherwise if it fell at or below 46 months; (2) the motion was untimely filed; (3) the ineffective assistance of counsel argument was not raised on direct appeal; (4) the motion is substantively meritless and (5) no evidentiary hearing is necessary to resolve the motion. Le never filed a reply to the government's return.

Le was released on December 22, 2000, and remains under supervision in California.

Le's motion must be denied beca`use his ineffective assistance of counsel claim cannot be raised under a § 2241 motion.[1] Sections 2255 and 2241 offer relief for different types

---

[1] Upon reconsideration, it was improper to construe Le's motion as a § 2255 motion without the informed consent of Le or, alternatively, affording Le an opportunity to withdraw the motion. Castro v. United States, 540 U.S. 375 (2003); Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam). Thus, the motion will therefore be construed as a § 2241 motion.

of claims. A motion pursuant to § 2241 generally challenges the <u>execution</u> of a sentence such as decisions to deny parole or conditions of confinement. See <u>Chambers v. United States</u>, 106 F.3d 472, 474-75 (2d Cir. 1997) (articulating instances where a § 2241 motion is appropriate). Section 2255, on the other hand, provides the proper vehicle for a federal prisoner to seek "to challenge the legality of the <u>imposition</u> of a sentence by a court." <u>Id.</u> at 474 (emphasis in original). Claims of ineffective assistance of counsel relate to the imposition of a sentence and thus fall within the scope of a motion under § 2255, rather than under § 2241. In some exceptional circumstances, motions falling under § 2255 may be made under § 2241 if § 2255 fails to provide an adequate or effective remedy. See <u>Triestman v. United States</u>, 124 F.3d 361, 377 (2d Cir. 1997) (holding that § 2255 may not be adequate or effective in circumstances where petitioner cannot utilize § 2255 and the failure to allow for collateral review would raise serious constitutional questions). Le's allegation of ineffective assistance of counsel could have been brought on either direct appeal or under a timely § 2255 motion. As such, Le is barred from litigating his claim under § 2241. Moreover, Le's claim does not raise a serious constitutional question. See <u>Roccisano v. Menifee</u>, 293 F.3d 51, 57 (2d Cir. 2002) (finding that <u>Triestman</u> exception not applicable where petitioner did not raise a claim of actual

3

innocence and only sought "a benefit he asserts he would have received if he had pleaded guilty").

In addition, even if we were to treat Le's motion as a § 2255 motion, assuming Le consented, it would be untimely. Moreover, on the merits, Le would be unlikely to show that he was prejudiced by his counsel's failure to raise the deportation issue. In United States v. Wills, 476 F.3d 103, 108-09 (2d Cir. 2007), the Second Circuit held that as a general matter, deportation is not, under either rationales of additional punishment or protection of the public, a mitigating circumstance.[2]

For the reasons above, Le's motion is denied. The Clerk of the Court is directed to close the case.

Dated:  Brooklyn, New York
        September 12, 2007

                                SO ORDERED:


                                  /s/
                                David G. Trager
                                United States District Judge

---

[2] The Court in Wills noted, in dicta, that "[i]t may be that a sentencing judge can consider deportation when he or she identifies, with some particularity, why a specific defendant is certain to be deported and why deportation, in light of that defendant's individual circumstances, will serve to protect the public." Id. at 109.

4